## THE ETHEL.

### HODGKINS v. WELSH et al.

(District Court, E. D. Pennsylvania. January 19, 1894.)

#### No. 74 of 1893.

SHIPPING—SHORTAGE OF CARGO—EVIDENCE.

In determining whether there is a shortage of cargo consisting of bags of sugar, both the consignee's output count and the intake count as shown by the bill of lading are controlled, when the deficiency alleged is only three bags, by proof that the hatches were sealed after the sugar was in, and opened only by the port wardens on the vessel's arrival, and that there was no opportunity for loss or abstraction.

In Admiralty. Libel by Frank M. Hodgkins, master of the bark Ethel, against S. & J. Welsh, to recover a balance of freight, which respondents assume to withhold because of shortage of cargo. Libel sustained.

Curtis Tilton, for libelant.
Richard C. McMurtoil, for respondents.

BUTLER, District Judge. The only question involved is one of fact. The respondents seek to have the value of three bags of sugar, (a part of the cargo,) $41.40, deducted from the freight, on the ground that the delivery was short to this extent. The bill of lading acknowledges the receipt of 6,443 bags, and the respondent's output tally shows only 6,440 bags. If there was nothing more the claim would be allowed. While the ship is liable only for the cargo received the bill of lading has the force of a written receipt, and binds her until disproved. To discredit it and the respondent's output tally the libelant invites our attention to a dispute which existed respecting the intake count, and to a discrep-

ancy in the several output counts, and to the manner in which the respondents' output count was made. That there is danger of mistake in counting where so many items or packages are involved, even under the most favorable circumstances, is apparent. Under the circumstances attending the respondent's count the danger is greatly increased. Loading the scales while they were being unloaded, and estimating each load at six bags, might well lead to mistake. Extraordinary care would be required to avoid some commingling of the loads. If the case rested here it would not be free from doubt. The libelant has gone further, however, and produced evidence that he delivered the entire cargo taken in. If the evidence is sufficient to establish the fact it settles the controversy. I think it is sufficient. The master's testimony covers the entire ground—shows that the hatches were sealed up after the sugar was taken in, and were not opened until the port wardens unsealed them after the vessel was docked and the respondents called to receive their sugar—that no port was touched from the time she sailed until her arrival here, and that there was therefore no opportunity for the loss or abstraction of any part of the cargo. I regard this testimony as more reliable than either of the counts made, and therefore accept it as conclusive.

The libel is therefore sustained.